UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

IN RE 347 LINDEN LLC         **MEMORANDUM & ORDER**
                            11-CV-1990 (KAM)

----------------------------------X

**MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

    On April 22, 2011, 347 Linden LLC ("347 Linden," "Debtor," or "Appellant") brought an "Emergency Order to Show Cause with Temporary Restraints" to this court, requesting that the court order Federal National Mortgage Association ("Fannie Mae," or "Appellee") to show cause why an order should not be entered (1) staying two March 8, 2011 orders by the United States Bankruptcy Court, Eastern District of New York (Rosenthal, J.) granting relief from a stay and dismissing 347 Linden's chapter 11 petition, and (2) staying a foreclosure sale of the property known as 347 Linden Street, Brooklyn, New York 11237, Block 3328, Lot 47 (the "Property"). Fannie Mae opposes debtor's emergency application. On April 22, 2011, the court denied debtor's application to stay the foreclosure sale unless debtor posted a $100,000 bond by April 27, 2011. Debtor posted the bond on April 27, 2011 and the court stayed the sale, pending briefing on the instant motion. For the reasons set forth below, the debtor's request for a

1

stay of the bankruptcy court's orders and of the foreclosure sale is denied.

## BACKGROUND

### I. Facts

Debtor is a New York limited liability company. (ECF No. 1, [Debtor's] Emergency Order to Show Cause with Temporary Restraints ("Debtor Pet."), Ex. C, Motion of Federal National Mortgage Association for Entry of an Order (A) Dismissing Chapter 11 Case; or Alternatively, (B) Modifying Automatic Stay (the "Lift Stay Motion"), at ¶ 9.) Debtor's sole asset is a multi-apartment property with two commercial units in Brooklyn, New York. (ECF No. 9, [Fannie Mae's] Memorandum of Law in Opposition to Appellant's Emergency Application for a Stay of the Bankruptcy Court's Orders Granting Relief from Stay and Dismissing the Chapter 11 Bankruptcy Case and a Stay of the Foreclosure Sale for Property Known as 347 Linden Street, Brooklyn, New York ("Fannie Mae Opp.") at 5.)

On or about August 12, 2005, debtor executed a note to Greystone Servicing Corporation, Inc. ("Greystone") in the aggregate principal amount of $1,364,000.00, which was secured by, *inter alia*, a Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (the "Mortgage"). (Lift

Stay Motion at ¶ 10.) In addition, Abraham Hoffman (the "Guarantor"), a principal of 347 Linden, executed a guaranty of the Note in favor of Greystone. (*Id.*) Also on August 12, 2005, Greystone entered into an "Assignment of Multifamily Mortgage, Assignment of Rents and Security Agreement Loan" with Fannie Mae in which it assigned to Fannie Mae all of its rights, title, and interest in the Note, Mortgage and all other documents that evidenced or secured the obligations under the Note. (*Id.* at ¶ 11.) Under the terms of the Mortgage, debtor granted to Fannie Mae a security interest "under the Uniform Commercial Code for any of the Mortgaged Property which, under applicable law, may be subject to a security interest under the Uniform Commercial Code, whether acquired now or in the future, and all products and cash and non-cash proceeds thereof . . . ." (*Id.* at ¶ 12.)

The debtor failed to make timely monthly mortgage payments, which resulted in the assessment of default interest and late charges. (Lift Stay Motion at ¶ 13.) According to Fannie Mae, the debtor further breached the terms of the mortgage by, *inter alia,* granting a mortgage on the Property, dated June 8, 2005, to Investor Mortgage Corporation, to secure indebtedness in the amount of $3,434,065.05. (*Id.* at ¶ 14.)

On July 31, 2008, Fannie Mae initiated a foreclosure action in New York state court against the debtor and Mr. Hoffman, seeking to foreclose on the Property. (Lift Stay Motion at ¶ 15; Fannie Mae Opp. at 4-5.) Fannie Mae filed a motion for summary judgment in state court, but in March 2009, debtor entered into a forbearance agreement with Fannie Mae, pursuant to which Fannie Mae agreed to discharge a court-appointed receiver and reinstate the loan in exchange for debtor's resumption of mortgage payments. (Fannie Mae Opp. at 5.) In exchange, debtor agreed to consent to summary judgment in the foreclosure action and to the appointment of a referee, as well as to stipulate to the entry of judgment of foreclosure based upon the report of the referee. (Lift Stay Motion at ¶ 16.) The state court granted Fannie Mae's summary judgment motion on March 18, 2009, on the condition that an order appointing a referee be settled on notice. (*Id.* at ¶ 19.) On May 14, 2009, the state court entered an order appointing a referee to compute the amount due to Fannie Mae under the loan and to examine and report whether the Property could be sold in parcels. (*Id.* at ¶ 20.)

On July 1 and August 1, 2009, debtor failed to make the payments required under the loan. (Fannie Mae Opp. at 5; Lift Stay Motion at ¶ 21.) On October 29, 2009, the referee issued his report, indicating that a sum of $1,402,336.97 was

due as of October 29, 2009, and that the Property should be sold in one parcel. (Lift Stay Motion at ¶ 23.)

On September 28, 2010, the state court entered a judgment of foreclosure and sale against the debtor. (Fannie Mae Opp. at 5; Lift Stay Motion at ¶ 24.) Pursuant to the judgment, the referee was ordered to hold an auction to sell the Property to the highest bidder. (Lift Stay Motion at ¶ 24.) On October 6, 2010, Fannie Mae informed debtor that the referee would be holding the auction on November 4, 2010 at 3:00 p.m. (Lift Stay Motion at ¶ 25.)

**II. Procedural History**

On November 3, 2010, the day before the scheduled sale of the Property, debtor filed a petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York. (Fannie Mae Opp. at 5; Debtor Pet. at ¶ 24.)

On January 14, 2011, Fannie Mae filed a motion for entry of an order (a) dismissing the Chapter 11 petition; or (b) modifying the automatic stay. (Fannie Mae Opp. at 5; Debtor Pet. at ¶ 35.)[1] Debtor objected to the motion on February 16, 2011 and filed an Amended Disclosure Statement

---

[1] Fannie Mae thereafter withdrew the portion of its motion seeking dismissal. (Fannie Mae Opp. at 5 n.2; Debtor Pet. at ¶ 53.)

5

and Amended Plan of Reorganization on March 7, 2011. (Fannie Mae Opp. at 5; Debtor Pet. at ¶¶ 43, 57.)

On March 8, 2011, the bankruptcy court heard argument on Fannie Mae's motion. (Fannie Mae Opp. at 5; Debtor Pet. at ¶ 61.) Debtor did not request to call any witnesses to testify. (Fannie Mae Opp. at 11.) On the same day, the bankruptcy court granted Fannie Mae's motion requesting relief from the automatic stay, based on the court's findings that there was cause for lifting the stay, that there was no equity in the property, and that an effective reorganization plan was not possible. (Fannie Mae Opp. at 11-13; Debtor Pet. at ¶¶ 71, 72.) The bankruptcy court also dismissed the petition *sua sponte,* on the ground that debtor had failed to comply with the U.S. Trustee's requests for information and documents, and because there was no reasonable prospect of reorganization. (Fannie Mae Opp. at 12; Debtor Pet. at ¶ 73.) The bankruptcy court entered a "Lift Stay Order" and a "Dismissal Order." (Fannie Mae Opp. at 12; Debtor Pet. at ¶¶ 75, 76.)

On March 22, 2011, debtor filed a notice of appeal of the Lift Stay Order and the Dismissal Order. (Fannie Mae Opp. at 13; Debtor Pet. at ¶ 77, 78.) On April 8, 2011, Fannie Mae filed in the state court foreclosure proceeding a

notice of sale of the property, scheduled for April 28, 2011. (Fannie Mae Opp. at 13; Debtor Pet. at ¶ 79.)

On April 22, 2011, debtor filed the instant petition. The court ordered Fannie Mae to show cause why an order should not be entered staying the bankruptcy court's Lift Stay Order and Dismissal Order and the foreclosure sale of the Property. (ECF No. 3, Emergency Order to Show Cause with Temporary Restraints, dated April 22, 2011.) After hearing argument, the court agreed to stay the Lift Stay Order, the Dismissal Order and the foreclosure sale on the condition that debtor provide a security in the amount of $100,000 and supporting documentation by April 27, 2011. (*Id.*) Upon debtor's posting of the bond, the court continued the stay pending further order of the court. (Order dated April 27, 2011.) This opinion constitutes the court's further order.

## DISCUSSION

### I. Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Albert*, No. 10-CV-2835, 2011 U.S. Dist. LEXIS 45371, at *4 (E.D.N.Y. Apr. 26, 2011) (citing *In re Vouzianas*, 259 F.3d 103, 107 (2d Cir. 2001)). The standard for granting

a motion to stay is the same as that for a preliminary injunction and, thus, the movant must establish all four of the following elements: (1) likelihood of success on the merits of the appeal; (2) appellant will suffer irreparable injury if the stay is denied; (3) no substantial harm will come to appellee; and (4) that issuance of the stay would not involve harm to the public interest. *See, e.g.*, *In re Sphere Holding Corp.*, 162 B.R. 639, 642 (E.D.N.Y. 1994); *In re Crescenzi*, 58 B.R. 141, 142-43 (S.D.N.Y. 1986).

**II. The District Court's Jurisdiction**

Before the court reaches the merits of debtor's motion to stay the bankruptcy court orders and the foreclosure sale, the court must determine whether it has jurisdiction to hear debtor's appeal. Federal Rule of Bankruptcy Procedure 8005 ("Rule 8005") states:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. . . . A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other

>  appropriate security with the bankruptcy
>  court.

The debtor's principal argument with respect to Rule 8005 is that, although it did not bring the motion to stay to the bankruptcy court in the first instance, as required by the plain language of Rule 8005, it has complied with that rule because "the Bankruptcy Court, by its sua sponte dismissal of the case based on what amount to mere technicalities, and for reasons that had no bearing on whether or not the Appellant had the ability to reorganize . . . has, in sum and substance, indicated that it would not grant the Appellant any relief to preserve its Property, let alone staying the Bankruptcy Court's Orders during the pendency of the appeals." (Debtor Pet. at ¶ 17.) Alternatively, debtor argues that "it is axiomatic that the District Court always sits as a Court of original jurisdiction over bankruptcy matters, and, thus, the District Court will always have discretion to hear bankruptcy matters . . . even assuming, arguendo, that the Appellant's emergency application does not comply with Rule 8005." (ECF No. 14-4, Debtor-Appellant 347 Linden LLC's Reply Memorandum of Law in Further Support of the Appellant's Emergency Application for a Stay Pending Appeal of the Bankruptcy Court's Lift Stay Order and Dismissal Order, and a Stay of the Foreclosure Sale of the Property ("Debtor Reply") at 4.) In

response, Fannie Mae argues that Rule 8005 "require[s] that a party seeking . . . a stay apply first to the bankruptcy court; failure to exhaust this procedural step warrants denial of such an application by the district court."  (Fannie Mae Opp. at 13.)

The court agrees with Fannie Mae that the debtor's proper course was to file the motion to stay with the bankruptcy court in the first instance, rather than in this court.  *In re Zahn Farms*, 206 B.R. 643, 644 (2d Cir. Bankr. Pan. 1997) ("We are of the view that we may not consider the merits of the request for a stay pending appeal, because by their own admission, the Debtors have not complied with the duty imposed by [Rule] 8005 to present the request for stay first to the bankruptcy judge from whose order the appeal is taken.").[2]  A district court has the power to stay an order or judgment of the bankruptcy court only if "such relief was first sought in the bankruptcy court."  *Crescenzi*, 58 B.R. at 142.  Indeed, in cases in which district courts have found that they had jurisdiction to consider a debtor's motion to stay after the dismissal of a bankruptcy petition, the debtor had first sought the desired relief before the bankruptcy court.  *See, e.g.*, *id.* (only after the bankruptcy judge denied

---

[2] Because the clear language of Rule 8005 states that it applies to both district courts and bankruptcy appellate panels, *see* Rule 8005, the Bankruptcy Appellate Panel's reasoning in *In re Zahn Farms* applies equally to the instant case, filed in federal district court.

10

a stay pending appeal, did debtor move in the district court for a stay); *Sphere Holding Corp.*, 162 B.R. at 641 (only after the bankruptcy court dismissed the debtor's chapter 11 petition and denied an order to show cause did debtor bring an order to show cause in the district court seeking the same relief); *DCNC North Carolina I, L.L.C. v. Wachovia Bank*, No. 09-cv-3775, 2009 U.S. Dist. LEXIS 93046, at *9 (E.D. Pa. Oct. 5, 2009) (only after the bankruptcy court dismissed the case and denied the debtor's motion for a stay pending appeal did the debtor appeal the dismissal and move for a stay in district court); *In re Carolina Park Assocs., LLC*, No. 10-cv-1805, 2010 U.S. Dist. LEXIS 70933, at *3 (D.S.C. July 12, 2010) (only after the bankruptcy court dismissed the case and denied the debtor's motion to alter or amend the bankruptcy court's order did the debtor move for a stay pending appeal in district court).

None of the cases cited by debtor convince the court that debtor was not bound by Rule 8005 to present his application to the bankruptcy court. Specifically, although debtor points out that several courts have acknowledged the possibility that there may exist certain exceptions to Rule 8005, debtor has not presented a single case in which a district court found that such an exception existed and excused a debtor's failure to first apply for a motion to stay

in bankruptcy court. *See In re N. Plaza, LLC*, 395 B.R. 113, 119 n.5 (S.D. Cal. 2008) (although the court acknowledged in dicta that "unusual circumstances" may excuse a party from first requesting the stay in the bankruptcy court, the court did not have to reach the issue of what constituted such circumstances because the debtor had presented the issue to the bankruptcy court in the first instance); *In re Alexander*, 248 B.R. 478, 484 (S.D.N.Y. 2000) (dismissing the motion to stay because the debtor had not filed it in the bankruptcy court in the first instance).

Nor does *In re SI Restructuring, Inc. et al.*, 542 F.3d 131, 135 (5th Cir. 2008), upon which debtor heavily relies, provide debtor with support for the course it took. In that case, the debtor initially moved for a stay in the bankruptcy court and the bankruptcy judge granted a ten-day stay. *Id.* When the debtor later moved for a second stay, it went directly to the district court, which held that the debtor had complied with Rule 8005 because when the bankruptcy court granted the original ten-day stay, it was "abundantly clear that no stay, other than a ten-day stay to allow appellate review would be granted by the bankruptcy court." *Id.* (quotation omitted). In *SI Restructuring*, the district court had the benefit of reviewing the bankruptcy court's rationale in granting the initial stay. Here, by contrast,

there is nothing before this court to shed light on how the bankruptcy court may have ruled on the debtor's motion to stay. Accordingly, *SI Restructuring* is distinguishable.

Finally, debtor's argument that 28 U.S.C. § 1334(a) gives a district court jurisdiction to hear a motion to stay "even assuming . . . that the Appellant's emergency application does not comply with Rule 8005" is incorrect. (Debtor Reply at 4.) Section 1334(a) states that "[e]xcept as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), however, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Once a case has been so referred, the bankruptcy court has "original and exclusive" jurisdiction over the case and the district court "merely retain[s] jurisdiction to hear appeals from the bankruptcy court's orders." *In re Interpictures, Inc.*, No. 96-5116, 1997 U.S. App. LEXIS 19234, at *5 (2d Cir. July 25, 1997). The United States District Court for the Eastern District of New York automatically refers all cases arising under, in, or related to a bankruptcy case under Title 11 to

the United States Bankruptcy Court for the Eastern District of New York. *In re Porges*, 44 F.3d 159, 164 n.3 (2d Cir. 1995); *see also In re Apponline.com, Inc.*, 303 B.R. 723, 726 (E.D.N.Y. 2004) ("Under the authority of § 157(a), all Chapter 11 cases in this District are automatically referred to the District's bankruptcy judges."). In the instant case, the bankruptcy court had original jurisdiction and this court retains only appellate jurisdiction over the case. For the reasons set forth above, debtor's appeal is not, therefore, properly before this court.[3]

Accordingly, the court finds that pursuant to Rule 8005, it may not consider the merits of debtor's application to stay the bankruptcy court's March 8, 2011 orders granting relief from a stay and dismissing the Chapter 11 petition and debtor's motion is dismissed. Moreover, this court vacates its previous stay of the foreclosure sale. Based upon this

---

[3] The only case debtor cites on this point, *In re Wilson*, 53 B.R. 123 (D. Mont. 1985), does not support its argument that the court can bypass Rule 8005 and rely solely on 28 U.S.C. § 1334(a) to hear debtor's motion. To the contrary, while that court did state that "[f]ailure to comply with [Rule 8005] is not automatically fatal to the appeal," in the same paragraph, it immediately clarified that stay of a final order is not be lightly granted and, in fact, "the Ninth Circuit Bankruptcy Appellate Panel has held that an appellate panel (or a district court sitting as such), by generally staying enforcement of a bankruptcy court judgment pending appeal, departs from fundamental principles of appellate review and unnecessarily assumes responsibilities ordinarily reserved to the trial court." *Id.* at 124. Moreover, the court denied the stay of execution in part, based upon debtor's failure to offer an explanation for proceeding "improperly in requesting a stay from this Court without first seeking such an order from the Bankruptcy Court." *Id.*

14

ruling, the court need not consider the other arguments raised by the parties.

**SO ORDERED.**

Dated: June 8, 2011
      Brooklyn, New York

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York